the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556). Here, plaintiffs and the Ozogs presented conflicting evidence on the issue whether the cervical strain sustained as a result of the first accident constituted a serious injury. A cervical strain is a soft tissue injury, and "[m]ere soft tissue injury, even if persistent or protracted, will not qualify as a serious injury in the absence of competent medical evidence establishing a meaningful impairment or limitation as a result of the pain" (*Rath v Shafer*, 267 AD2d 565, 566). Therefore, with respect to the Ozogs, the court erred in determining that the cervical strain constituted a serious injury as a matter of law (*see, Greene v Frontier Cent. School Dist.*, 214 AD2d 947, 947-948; *cf., Hackett v Driver*, 278 AD2d 914). Thus, we modify the order by granting the motion of the Ozogs and setting aside the verdict and by providing that a new trial is also granted on the issue whether plaintiff sustained a serious injury as a result of the first accident. The issue whether Ozog's negligence was a proximate cause of plaintiff's injuries will be addressed in the trial on damages. Although we recognize that the Tabelskis seek only to reduce the amount of the verdict, granting relief to the Ozogs necessarily requires that the jury consider the apportionment of damages between the defendants (*see generally, Hecht v City of New York*, 60 NY2d 57, 62). We therefore further modify the order by providing that a new trial is granted on apportionment of damages between the defendants. In light of our decision, the remaining contentions of the parties are moot. (Appeals from Order of Supreme Court, Erie County, Michalek, J.—New Trial.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ RONALD WRIGHT, Plaintiff, v RITE AID OF NY, INC., Defendant and Third-Party Plaintiff-Appellant. 8246 GROUP, INC., et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [732 NYS2d 920] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.

■ RONALD WRIGHT, Plaintiff, v RITE AID OF NY, INC., Defendant and Third-Party Plaintiff-Appellant. 8246 GROUP, INC., et al, Third-Party Defendants-Respondents. (Appeal No. 2.) [732 NYS2d 498] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff slipped and fell on a patch of